No. 1078 December 17, 2025 637

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Alainna TOMLINSON,
*Plaintiff-Appellant.*

*v.*

JACKSON COUNTY,
*Defendant-Respondent.*

Jackson County Circuit Court
23CV44008; A185954

Timothy Barnack, Judge.

Argued and submitted November 19, 2025.

Whitney Stark argued the cause and filed the briefs for appellant.

Madison T. Simmons argued the cause and filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Reversed and remanded.

**TOOKEY, P. J.**

Plaintiff appeals a general judgment of dismissal entered after the trial court granted the motion for summary judgment filed by her former employer, Jackson County. According to plaintiff, she was sexually harassed by a coworker and suffered retaliation. After a hearing on defendant's motion for summary judgment, the trial court granted the motion and dismissed plaintiff's hostile work environment and retaliation claims. In two assignments of error, plaintiff argues the trial court erred in granting the motion because there were genuine issues of material fact that precluded summary judgment. We agree. We therefore reverse the judgment dismissing the action and remand for further proceedings.

"We review the trial court's ruling on a motion for summary judgment to determine whether there is a genuine dispute of material fact over issues raised in the motion and whether the moving party is entitled to judgment as a matter of law." *Austin v. Walmart, Inc.*, 340 Or App 279, 281, 570 P3d 642 (2025) (citing ORCP 47 C). We draw the facts from the summary judgment record, state the facts in the light most favorable to the nonmoving party—here, plaintiff—and draw all reasonable inferences from the summary judgment record in her favor. *Id.*

*Sexual Harassment/Hostile Work Environment.* It is an unlawful employment practice "[f]or an employer, because of an individual's *** sex *** to discriminate against the individual in compensation or in terms, conditions or privileges of employment." ORS 659A.030(1)(b).[1] "Because ORS 659A.030 was modeled after Title VII of the federal Civil Rights Act of 1964, *** Oregon courts look to federal cases construing Title VII for guidance in construing ORS 659A.030." *H. K. v. Spine Surgery Ctr. of Eugene, LLC*, 305 Or App 606, 611, 470 P3d 403 (2020), *rev den*, 367 Or 826 (2021). Federal courts generally divide sexual harassment

---

[1] Plaintiff's complaint cites ORS 659A.030(1)(a), but paragraph (a) applies to hiring or discharge decisions, not conditions of employment. Under Oregon law, ORS 659A.030(1)(b) is the relevant provision when asserting a hostile work environment claim. *See, e.g.*, *H. K. v. Spine Surgery Center of Eugene*, 305 Or App 606, 610-11, 470 P3d 403 (2020), *rev den*, 367 Or 826 (2021).

claims into two types: "quid pro quo" claims and "hostile environment" claims. *Id.*

    "To prove the existence of a hostile working environment," it must be established that "1) the employee was subjected to verbal or physical conduct of a sexual nature, 2) this conduct was unwelcome, and 3) the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Frehoo, Inc. v. BOLI*, 319 Or App 548, 558, 510 P3d 888 (2022), *rev den*, 370 Or 789 (2023) (internal quotation marks and brackets omitted). When determining what constitutes an "intimidating, hostile, or offensive working environment," we apply a "totality of the circumstances" test. *Fred Meyer, Inc. v BOLI*, 152 Or App 302, 309, 954 P2d 804 (1998) (internal quotation marks omitted). "The working environment must subjectively and objectively be perceived as abusive." *Frehoo*, 319 Or App at 558. When a plaintiff claims a coworker "'created a hostile environment through sexual harassment, the employer is liable if the employer knew or should have known of the harassment and failed to take prompt remedial action ***.'" *Bearden v. N. W. E., Inc.*, 298 Or App 698, 705, 448 P3d 646, *rev den*, 366 Or 64 (2019) (quoting *Harris v. Pameco Corp.*, 170 Or App 164, 177, 12 P3d 524 (2000)).

    Here, viewing the evidence in the light most favorable to plaintiff, we have little difficulty concluding that the trial court erred when it determined that there were no genuine issues of material fact supporting plaintiff's hostile work environment claim. Plaintiff, a woman in her twenties, averred that a male coworker, who was in his fifties, engaged in conduct that made her feel uncomfortable and unsafe. The coworker's office was across the hall from plaintiff, and the nature of their work required them to work together. In her deposition, plaintiff stated that his "eyes trail up and down my body, especially like on my breasts or with my lower region," and he would stare "the entire time that we would have a conversation." According to plaintiff, "it wasn't subtle." The coworker also lingered after conversations.

    The coworker told plaintiff that he was the "heavenly father," which led plaintiff to have concerns about his

mental stability. Another person told plaintiff that he had walked into the coworker's office and observed the coworker with his hands in his pants. The coworker appeared to be doing something "'he shouldn't have been doing'" while looking in the direction of plaintiff's office. Plaintiff understood that to mean that the coworker was masturbating in his office.

Plaintiff learned that the coworker had asked another young female employee out on a date, which made that employee feel uncomfortable. Then the coworker asked plaintiff out on a date, which made her feel uncomfortable. The next day, plaintiff reported his conduct to her supervisor.

As a result of the report, defendant placed the coworker on administrative leave in November 2022 and investigated the allegations. The investigation concluded that there was "insufficient evidence" of a violation of the county's policies against discrimination or harassment, and the coworker returned to work in January 2023. However, in his deposition in this case in April 2024, the coworker admitted that *he did* masturbate in his work office, and he stated that "98 percent of people do *** that on occasion." He also testified that he would have told the county's investigator that he masturbated in his office if she had asked him. Shortly thereafter, defendant terminated the coworker because he had admitted to "conduct of a sexual nature," which could "create an offensive work environment."

Considering that evidence, there are disputed issues of material fact as to whether plaintiff was subjected to a hostile work environment. When the coworker's conduct of staring at plaintiff's body, lingering near her after conversations had ended, and asking her out on a date is considered in conjunction with his admission that he engaged in masturbation in his office, a reasonable juror could conclude that plaintiff was subjected to conduct of a sexual nature, that the coworker's conduct was unwelcome, and that it was sufficiently severe or pervasive to alter the conditions of plaintiff's employment. *Frehoo*, 319 Or App at 558. And given the coworker's admission during his deposition, there are also disputed issues of material fact as to whether defendant's investigation of him was adequate. *See Bearden*, 298 Or App

at 706 (considering the employer's response to the plaintiff's complaints when evaluating whether the plaintiff had been exposed to a hostile work environment). Therefore, the trial court erred in granting defendant's motion for summary judgment on plaintiff's hostile work environment claim.

*Retaliation.* Next, we consider whether the trial court erred in granting defendant's motion for summary judgment on plaintiff's retaliation claim. Plaintiff argues that there are disputed issues of fact as to whether defendant retaliated against her because she had to perform extra work in a new department, defendant failed to provide her with a new office or transfer her to a job in a different department, and defendant refused to allow her to work remotely. Plaintiff also argues that she was "constructively terminated." Defendant contests whether the evidence supports those claims. Viewing the evidence in the light most favorable to plaintiff, we conclude that defendant's treatment of plaintiff after the coworker's return to the office in January 2023 could qualify as an adverse employment action such that the trial court should have left it for a jury to decide whether defendant retaliated against plaintiff for reporting the conduct.

To prove a claim of retaliation under ORS 659A.030(1)(g), a plaintiff must establish three elements: (1) that the plaintiff engaged in protected activity; (2) that the defendant subjected the plaintiff to an "adverse employment action"; and (3) a causal connection between the protected activity and the adverse action.[2] *Summerfield v. OLCC*, 366 Or 763, 777-78, 472 P3d 231 (2020).

The United States Supreme Court has held that a plaintiff alleging a retaliation claim under Title VII "must show that a reasonable employee would have found the challenged action materially adverse, which in this context

---

[2] ORS 659A.030(1)(g) provides that it is an unlawful employment practice for a person "to discharge, expel, or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so." The statute was amended in 2025, changing the paragraph for a retaliation claim from paragraph (f) to (g), but the amendments did not otherwise change the language of the provision. *See* Or Laws 2025, ch 125, § 1. We cite the current version of the statute.

means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & S. F. R. Co. v. White*, 548 US 53, 68, 126 S Ct 2405, 165 L Ed 2d 345 (2006) (internal quotation marks omitted). Similarly, Oregon law prohibits "an employer from engaging in retaliatory activity that reasonably would impede or deter employees from pursing their rights under" ORS chapter 659A. *PSU Association of University Professors v. PSU*, 352 Or 697, 713, 291 P3d 658 (2012). Under state and federal law, the standard is functionally the same. *Summerfield*, 366 Or at 780-81 (so explaining). "'Context matters' when determining whether an action is materially adverse." *Meyer v. Oregon Lottery*, 292 Or App 647, 679, 426 P3d 89 (2018). "A minimal change in job responsibilities is not enough to constitute a materially adverse action." *Steele v. Mayoral*, 231 Or App 603, 618, 220 P3d 761 (2009).

Defendant agrees that plaintiff engaged in protected activity but contests whether plaintiff was subjected to an adverse employment action. After the coworker returned to work in January 2023, plaintiff's supervisors made some efforts to minimize the amount of time that plaintiff had to work with him, including by allowing her to work remotely for a brief period of time, by allowing her to work from different offices that were not close to the coworker's office, and by trying to obtain a new position for plaintiff in a different department. Nevertheless, in her deposition, plaintiff testified that, while working part time in another department, she still had her original clients, and she "was doing what felt like two jobs, and trying to juggle both of them." She testified that her supervisors "were both trying to encourage" her to remain in the office across the hall from the coworker and that she had to move around from office to office. Despite initially allowing her to do so, her supervisors did not allow plaintiff to continue working remotely. Plaintiff testified that, after the coworker returned to the office, she was in "a complete limbo for a long time." By contrast, there is no clear indication that the coworker's working conditions changed. Ultimately, plaintiff learned that she would not be able to transition to a new department full time, which contributed to her decision to resign in July 2023. However, one of plaintiff's supervisors testified in her deposition that

a position *could have* been created for plaintiff in the other department but that the supervisor was under the impression that plaintiff did not want to pursue a position in the other department.

Considering that evidence in the light most favorable to plaintiff, there are disputed issues of material fact as to whether defendant's treatment of plaintiff constituted an adverse employment action because a reasonable worker might well be dissuaded from reporting harassment if the worker knows they might have to move from office to office or perform extra work to avoid having to continue working directly with the person they report. *See PSU Association of University Professors*, 352 Or at 722 (defining an adverse employment action as one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination" (internal quotation marks omitted)); *see also Meyer*, 292 Or App at 680 (stating that a plaintiff must meet a "relatively low bar" to demonstrate that an employment action is materially adverse and that "what it takes to meet that bar depends on the context of the case" (internal quotation marks omitted)).

In addition, considering the evidence in the light most favorable to plaintiff, there are disputed issues of material fact as to whether there was a causal connection between her protected activity and the adverse employment action. Proof of causation can be established (1) "indirectly, by showing that the protected activity was followed closely by discriminatory treatment" or (2) "directly, through evidence of retaliatory animus directed against a plaintiff by the defendant." *Meyer*, 292 Or App at 681-82 (emphasis and internal quotation marks omitted). "If the plaintiff attempts to establish the causal connection indirectly, relying on mere temporal proximity between the events, the events must be very close in time." *Boynton-Burns v. University of Oregon*, 197 Or App 373, 381, 105 P3d 893 (2005) (internal quotation marks omitted). Here, shortly after the coworker's return to work, plaintiff was required to move from office to office and juggle work assignments in different departments, and her supervisors would not allow her to work remotely, so that temporal proximity supports the requisite causal

connection. *See Meyer*, 292 Or App at 683 (determining that a gap of one to two months between the claimed protected activity and the adverse action was sufficient to raise an issue of fact on causation).

Plaintiff also argues that defendant retaliated against her by constructively discharging her. "In the context of an allegation of constructive discharge in a claim for a violation of" ORS 659.030(1)(g), a "plaintiff must prove that defendant (1) deliberately retaliated, because she filed the discrimination complaints, (2) with the intent of forcing her to leave employment and (3) that she left employment because of the retaliation." *Seitz v. Albina Human Resources Center*, 100 Or App 665, 674-75, 788 P2d 1004 (1990). Here, we need not resolve whether there are disputed issues of material fact supporting plaintiff's argument that she was constructively discharged because there are disputed issues of fact as to whether plaintiff's protected activity resulted in an adverse employment action by defendant.

Reversed and remanded.